976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dennis Edward BUTLER, Petitioner-Appellant,
v.
John RATEL, Superintendent, R.J. Donovan Correctional
Center, Respondent-Appellee.
 No. 92-55065.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis E. Butler, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Butler was convicted of two counts of second degree murder and felony drunk driving. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 Challenged Jury Instruction
 
 3
 Butler contends that the following jury instruction violated his rights to due process:
 
 
 4
 One who wilfully consumes alcoholic beverages to the point of intoxication, knowing that he thereafter must operate a motor vehicle, thereby combining sharply impaired physical and mental faculties with a vehicle capable of great force and speed, reasonably may be held to exhibit a conscious disregard of the safety of others.
 
 
 5
 CT 190. Butler's first argument is that the jury instruction created an unconstitutional mandatory presumption of malice aforethought. Alternatively, Butler argues that if the instruction did not create a mandatory presumption, it created a "permissive inference" violative of due process. Finally, Butler contends that the instruction prohibited him from presenting the defense that his voluntary intoxication prevented him from forming the intent required for murder in the second degree.
 
 
 6
 A jury instruction which creates a mandatory presumption that relieves the state of the burden of persuasion on an element of the offense violates due process rights. Sandstrom v. Montana, 442 U.S. 510 (1979). A mandatory presumption instructs the jury that it must infer the presumed fact if the state proves certain conduct. Francis v. Franklin, 471 U.S. 307, 314 (1985). A permissive inference suggests a possible conclusion to be drawn if the state proves certain conduct, but does not require the jury to draw that conclusion. Id. Permissive inferences generally are not violative of due process unless the suggested conclusion is not one that can be justified by reason and common sense. Id. at 314-15; Ulster County Court v. Allen, 442 U.S. 140, 157-63 (1979).
 
 
 7
 The district court determined that the challenged instruction did not create a mandatory presumption but merely a permissive inference that the jury could infer conscious disregard for the safety of others from the fact of Butler's becoming intoxicated shortly before he entered his car. The court examined the record and noted that Allen's blood alcohol level at his arrest was .155 and he was driving at 114 miles per hour at the time of the offense. Given these facts, the court held that it was not unreasonable for the jury to infer that Butler exhibited a conscious disregard for the safety of others. In addition, the court held that because the jury was also instructed that voluntary intoxication may be a defense to murder, the instruction did not deprive Butler of this defense. We agree with the reasoning of the district court and affirm. See Ulster County Court v. Allen, 442 U.S. at 163.
 
 Selective Prosecution
 
 8
 Butler's other contention is that he was denied his rights to present a defense when the trial court quashed his subpoena of San Diego District Attorney Edwin L. Miller. Butler argues that Miller's testimony was necessary in showing that the San Diego District Attorney's offices selectively prosecutes vehicular homicide as second degree murder on the basis of the defendant's race.
 
 
 9
 A defendant is guaranteed only the right to call witnesses in her favor. United States v. Valenzuela-Bernal, 458 U.S. 858, 867 (1982). Accordingly, a defendant must make a showing of how a witness' testimony would have been both material and favorable to the defense before a court can find that a defendant's right to compulsory process has been denied. Id. at 870.
 
 
 10
 The trial court held a pre-trial hearing on Butler's claim that he was being prosecuted for second-degree murder because of his race. At the hearing, four deputy district attorneys testified as to how their office decides to prosecute a vehicular homicide as second-degree murder. A statistician for the defense testified, based upon five people who had been convicted of second-degree murder for causing a death while driving drunk, two of whom were caucasian, that race had not been a factor for these prosecutions. He added, however, that the likelihood of being charged with second degree murder was higher for a non-white defendant based upon the distribution of ethnicity in vehicular homicide cases where the driver is intoxicated. Based on the testimony, the trial court concluded that Butler had not made a sufficient showing that he was being subject to selective prosecution. Therefore, the court quashed Butler's motion to subpoena Miller because his testimony would merely be cumulative to what had been already presented.
 
 
 11
 The district court held that the trial court properly quashed the subpoena, particularly in light of the fact that Butler made no showing that Miller's testimony would be favorable to his defense. Butler also admitted in his opening brief that Miller was not given information on the suspects' races when cases are presented to him by the deputy district attorneys. Therefore, we agree with the district court and affirm. See id.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3